1

2

3

4

5

6

7

8

9           UNITED STATES DISTRICT COURT

10          EASTERN DISTRICT OF CALIFORNIA

            ----oo0oo----

11

12

L. ANDERSON,                        CIV. NO. 2:14-500 WBS EFB

13
                Plaintiff,
14
        v.                          MEMORANDUM AND ORDER RE:
15                                  MOTION FOR TRANSFER OF VENUE
MICHAELS STORES, INC., a
16   Delaware Corporation,

17              Defendant.

18                                  ----oo0oo----

19
            Plaintiff L. Anderson brought this action against her
20
former employer, defendant Michaels Stores, Inc., arising out of
21
defendant's alleged failure to provide overtime compensation.
22
Defendant now moves to transfer this action to the Central
23
District of California pursuant to 28 U.S.C. § 1404(a).
24
I.   Factual and Procedural Background
25
        A.   Instant Action
26
            Plaintiff, a former Michaels Store Manager, filed her
27
Complaint on February 18, 2014, bringing claims for: (1) recovery
28

1

of statutory overtime compensation pursuant to California Labor Code sections 501(a) and 1194; (2) recovery of regulatory overtime compensation under Cal. Code Regs. tit. 8, § 11070(4); (3) recovery of penalty wages or "waiting time pay" pursuant to California Labor Code sections 201, 202, and 203; (4) restitution as a remedy for unfair competition in violation of Cal. Bus. & Prof. Code sections 17200 et seq.; and (5) recovery of statutory penalties for inaccurate itemized wage statements in violation of Labor Code section 226(3). (Compl. (Docket No. 1).)

On February 20, 2014, plaintiff filed a motion for transfer for coordinated pretrial proceedings under 28 U.S.C. § 1407(c)(ii). (Not. of Filing of Motion for Transfer for Coordinated Pretrial Proceedings Ex. A (Docket No. 5).) That motion is still pending before the Judicial Panel on Multidistrict Litigation ("MDL Panel"). (Pl.'s Opp'n at 9:27-10:1 (Docket No. 13).) Counsel for plaintiff expects that the motion will be heard on the MDL Panel's next hearing session on May 29, 2014. (Id. at 10:1-3.) Defendant filed the present motion to transfer venue to the Central District of California on March 19, 2014. (Docket No. 7.)

B.   Related Actions

Plaintiff's action is one of numerous recent actions brought by Michaels store managers seeking recovery of unpaid overtime compensation. One purported class action, DeJoseph v. Michaels Stores, Inc., was filed in Los Angeles County Superior Court in December 2006. (Compl. ¶ 20.) Plaintiff in the present case was a DeJoseph class member, (Gallo Decl. ¶ 13 (Docket No.

15)), but that action was decertified as a class action in March 2009.  (Compl. ¶ 27; Def.'s Req. for Judicial Notice ("RJN") Ex. C (Docket No. 15).)[1]

Another class action, Rea v. Michaels Stores, Inc., was filed in September 2011 in Orange County Superior Court, (Id. ¶ 30), and later removed by defendant to the United States District Court for the Central District of California.  Before removal, the Superior Court certified the Rea class as excluding all persons who had been members of the DeJoseph class.  (Gallo Decl. ¶ 8.)  As such, plaintiff in the present action has not appeared in the Rea action and was not included in defendant's final class list in that action.  (Compl. ¶¶ 39-40.)  Defendant's motion to de-certify the Rea action is pending before Judge Wu in the Central District and is scheduled for hearing on May 8, 2014. (Gallo Decl. ¶ 6.)

Along with the present action, plaintiff's counsel has filed three additional actions on behalf of former DeJoseph class members excluded from the Rea class: Bagley v. Michaels Stores, Inc., in the Northern District of California; Albright v.

---

[1]      Under Federal Rule of Evidence 201, "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  Defendant requests that the court take judicial notice of a number of court records and other documents filed in cases related to the present action.  (See Def.'s RJN.)  The court will take judicial notice of these filings as they are matters of public record whose accuracy cannot reasonably be questioned.  See, e.g., NuCal Foods, Inc., v. Quality Egg LLC, 887 F. Supp. 2d 977, 984 (E.D. Cal. 2012) (Mueller, J.) ("Courts have consistently held that courts may take judicial notice of documents filed in other court proceedings.").

<u>Michaels Stores, Inc.</u>, in the Southern District of California;

and <u>Alexander v. Michaels Stores, Inc.</u>, in the Central District

of California.  (Gallo Decl. ¶ 7.)  Defendant intends to move for

transfer of <u>Albright</u> and <u>Bagley</u> actions to the Central District

as well.  (Def.'s Mem. at 7:12-14 (Docket No. 7).)

II.      <u>Discussion</u>

        "For the convenience of parties and witnesses, in the

interest of justice, a district court may transfer any civil

action to any other district or division where it might have been

brought."  28 U.S.C. § 1404(a).[2]  The purpose of this provision

"is to prevent the waste of time, energy and money and to protect

litigants, witnesses and the public against unnecessary

inconvenience and expense."  <u>Van Dusen v. Barrack</u>, 376 U.S. 612,

616 (1964) (internal quotation marks omitted).  Section 1404(a)

affords district courts broad discretion "to adjudicate motions

for transfer according to an individualized, case-by-case

consideration of convenience and fairness."  <u>Jones v. GNC</u>

<u>Franchising, Inc.</u>, 211 F.3d 495, 498 (9th Cir. 2000) (quoting

<u>Stewart Org. v. Ricoh Corp.</u>, 487 U.S. 22, 29 (1988)) (internal

quotation marks omitted).

        "In ruling on a motion to transfer pursuant to §

1404(a), the Court must evaluate three elements: (1) convenience

of the parties; (2) convenience of the witnesses; and (3)

interests of justice."  <u>Safarian v. Maserati N. Am., Inc.</u>, 559 F.

Supp. 2d 1068, 1071 (C.D. Cal. 2008).  According to the Ninth

---

        [2]   The parties do not contest that defendant's proposed
transferee district, the Central District of California, is a
district where the action "might have been brought."

Circuit, this analysis may include a number of factors, such as: the plaintiff's choice of forum, the parties' contacts with the forum, the contacts relating to the plaintiff's cause of action in the chosen forum, the differences in the costs of litigation in the two forums, the ease of access to the evidence, the feasibility of consolidating other claims, and the relative court congestion and time to trial in each forum.  Jones, 211 F.3d at 498-99; Decker Coal. Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986).

The moving party has the burden of showing that transfer is appropriate.  Williams v. Bowman, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001); cf. Jones, 211 F.3d at 499 (noting that defendant failed to meet burden of showing that alternative forum was more appropriate).  "The defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum," Decker Coal, 805 F.2d at 843, and transfer must do more than merely "shift the inconvenience from one party to another," Safarian, 559 F. Supp. 2d at 1071.

A.   Convenience of the Parties

The traditional reasons courts accord less deference to the plaintiff's choice of forum--the plaintiff does not reside in the venue, the forum lacks a significant connection to the activities alleged in the complaint, or plaintiff engaged in forum shopping--are not present here.  See id.; Williams, 157 F. Supp. 2d at 1106.  Plaintiff resides within the Eastern District in San Joaquin County, and her claims arose from her employment at two of defendant's stores in the Eastern District in Stockton

and Modesto.  (Anderson Decl. ¶ 6 (Docket No. 14).)  Plaintiff's
contacts with this District, including the contacts giving rise
to her claims, thus weigh against transfer to the Central
District.

Defendant contends that plaintiff's choice of forum
receives less deference because there are related cases pending
in another forum.  The cases defendant cites for this
proposition, however, were class actions or suits otherwise made
in a representative capacity.  See, e.g., Madani v. Shell Oil
Co., Civ. No. 07-04296 MJJ, 2008 WL 268986, at *2 (N.D. Cal. Jan.
30, 2008) (affording less deference in a class action where
possible plaintiff class numbered in the thousands and other
named plaintiffs resided elsewhere); Wireless Consumers Alliance,
Inc. v. T-Mobile USA, Inc., Civ. No. 03-3711 MHP, 2003 WL
22387598, at *3 (N.D. Cal. Oct. 14, 2003) ("Courts have also
found that a plaintiff's choice of forum should receive little
deference when he brings suit in a representative capacity, such
as in the case of a class action or shareholder derivative
suit.").  Plaintiff, however, brings the present suit only on her
own behalf.

The Central District would be more convenient for
defendant because it does more business there.  (See Quye Decl. ¶
2 (Docket No. 7-1).)  Defendant further has a "substantial
connection" to the Central District because it is litigating
closely related cases there.  SEC v. Roberts, Civ. No. 07-407
(EGS), 2007 WL 2007504, at *3 (D.D.C. July 10, 2007).  However,
defendant still has substantial contacts in this forum as it runs

approximately twenty-four stores in the Eastern District.  (Quye Decl. ¶ 2.)

In sum, the inconvenience to defendant does not outweigh plaintiff's choice of forum given that both parties have substantial contacts with the Eastern District, especially contacts relating to plaintiff's claims.  The convenience of the parties weighs in favor of maintaining the action in the Eastern District.

   B.   Convenience of the Witnesses

"To demonstrate the inconvenience of witnesses, the moving party must identify relevant witnesses, state their location and describe their testimony and its relevance." Howard, 157 F. Supp. 2d at 1108.  "Convenience of nonparty witnesses is often the most important factor in the section 1404(a) calculus."  Welenco, Inc. v. Corbell, Civ. No. S-13-0287 KJM CKD, 2014 WL 130526, at *7 (E.D. Cal. Jan. 14, 2014).

Defendant points to two witnesses that it expects plaintiff will call regarding defendant's human resources policies.  Only one of these, Michaels Zone Vice President Judy Quye, works and resides within the Central District--albeit in Atascadero, in a separate county from Judge Wu's court.  (Quye Decl. ¶ 3.)  The other witness cited by defendant, Zone Human Resources Director Chad Romoser, works and resides in Las Vegas, Nevada.  (Id. ¶ 4.)

In contrast, plaintiff points to a number of non-party witnesses who reside in the Eastern District.  For example, two of plaintiff's three district managers reside in the Eastern

District, as do three department and store managers who worked alongside plaintiff. (Anderson Decl. ¶ 31.) Plaintiff also identifies three potential witnesses who live within the Northern District of California; none, however, reside in the Central District. (Id.) Plaintiff's counsel avers that these witnesses would be the primary witnesses at trial and would offer testimony regarding whether plaintiff expended the majority of her work time engaged in exempt activities. (Gallo Decl. ¶¶ 19-21.) Because a number of non-party witnesses are present in the Eastern District, consideration of the inconvenience to these witnesses weighs against transfer of this action to the Central District.

  C. Interest of Justice

   "The interest of justice can be decisive." Gatdula v. CRST Int'l, Inc., Civ. No. 2:10-58 WBS CMK, 2011 WL 445798, at *3 (E.D. Cal. Feb. 8, 2011). "An important consideration in determining whether the interests of justice dictate a transfer of venue is the pendency of a related case in the transferee forum." Hawkins v. Gerber Prods. Co., 924 F. Supp. 2d 1208, 1214 (S.D. Cal. 2013) (quoting Calloway Golf Co. v. Corp. Trade, Inc., Civ. No. 09-384, 2010 WL 743829, at *7 (S.D. Cal. Mar. 1, 2010)). The interest of justice, which includes considerations of judicial economy, also supports transfer to "a court that has already 'committed judicial resources to the contested issues and is familiar with the facts of the case.'" Madani, 2008 WL 268986, at *2 (quoting Samsung Elec. Co. v. Rambus, Inc., 386 F.Supp.2d 708, 722 (E.D. Va. 2005)).

1

2          Defendant contends that the interest of justice favors

3   transfer to the Central District because transfer will avoid

4   duplicative litigation, place the case before a judge who has

5   already adjudicated similar claims, and result in speedier

6   resolution of the case.  The court is mindful that Judge Wu has

7   already adjudicated related cases, but there is no guarantee that

8   transferring this action to the Central District would result in

9   assignment to Judge Wu, much less consolidation with the related

10  actions for pretrial proceedings.  Moreover, this court sees no

11  reason it cannot bring this case to a just resolution.  This

12  factor therefore does not overcome the inconvenience to the

13  parties and witnesses that, on balance, weigh against transfer of

14  this action to the Central District.

15          The parties have represented that the MDL panel will

16  hear plaintiff's motion for coordinated pretrial proceedings next

17  month, and plaintiff contends that, if granted, MDL coordination

18  would moot the efficiency issues raised in defendant's present

19  motion for transfer.  However, counsel for plaintiff also

20  appeared to concede at oral argument that denial of the MDL

21  motion would result in a stronger case for granting the present

22  motion.  The court will not speculate as to what the MDL panel

23  will decide.  Accordingly, the court will deny defendant's

24  present motion for change of venue without prejudice, and

25  defendant will be free to re-file this motion should the MDL

26  panel deny plaintiff's pending § 1407 motion.  Cf. Ctr. for

27  Biological Diversity v. Kempthorne, Civ. No. 08-1339 CW, 2008 WL

28  4543043, at *1 (N.D. Cal. Oct. 10, 2008) (taking motion to

transfer under submission pending MDL panel decision).

        IT IS THEREFORE ORDERED that defendant's motion for change of venue be, and the same hereby is, DENIED without prejudice.

Dated:  April 22, 2014

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE